IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, | ) | CR 12-16-H-DLC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SCOTT ARTHUR PARENT, | ) | |
| Defendant. | ) | |

Defendant Scott Arthur Parent filed a motion for a bill of particulars and a motion to dismiss the indictment against him alleging a violation of the Sex Offender Registration and Notification Act (SORNA). Both motions will be denied because the bill of particulars has been rendered moot by the government's disclosure of additional discovery and Parent's arguments for dismissal are not supported by the law.

1

Parent was convicted of attempted rape in the first degree in 1996 in Oregon. He was required to register as a sex offender upon his release, and he is accused of failing to register from 2010 until October 2012 when he was indicted. Parent argues his indictment must be dismissed for three reasons. First, he avers he cannot be prosecuted under SORNA until the State of Montana implements SORNA. Second, he argues he never received actual notice of his registration obligation because he was convicted before SORNA was enacted. Finally, Parent argues Congress unlawfully delegated power to the Attorney General to determine the timing of SORNA applicability for prior convicted sex offenders. Parent's first two arguments have already been rejected by the Ninth Circuit. Parent's third argument is an issue currently pending before the Ninth Circuit in several cases. The argument is unconvincing and Parent's motion to dismiss will be denied because SORNA does not violate the nondelegation doctrine.

SORNA was enacted with the goal of providing uniformity to the federal and individual state sex offender registration systems. *United States v. Elk Shoulder*, 696 F.3d 922, 923 (9th Cir. 2012). SORNA requires all state and federal sex offenders to register in any jurisdiction where the offender resides, works, or attends school. *Id.* at 924. To convict a person for failure to register, the government must establish the defendant (1) was required to register under

SORNA; (2) is a sex offender due to a conviction under federal law or a person who "travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian Country;" and (3) knowingly failed to register as required by SORNA. *Id.* "SORNA is applicable only to federal sex offenders, over whom the federal government has a 'direct supervisory interest,' and those state offenders 'who threaten the efficacy of the statutory scheme by traveling in interstate commerce,' thus placing themselves outsides of the state's reach." *Id.* at 930.

A federal SORNA violation prosecution does not depend on a state's implementation of SORNA. *Id.* at 927. So long as a Defendant could have registered with the State, the element of registering "as required by SORNA" is satisfied. *Id.* Thus, Parent's argument that he cannot be prosecuted for violating SORNA because Montana has not implemented SORNA fails.

Similarly, a defendant need not know that failing to register specifically violates SORNA–knowledge of a state registration requirement and a knowing failure to register is sufficient to comply with the Due Process Clause. *Id.*; *United States v. Crowder*, 656 F.3d 870, 876 (9th Cir. 2011). Parent's contention that his indictment fails because he never received actual notice of the SORNA registration requirement fails. Parent admittedly registered as a sex offender after his release from prison for some period of time, and he does not allege that he was

3

otherwise unaware of his registration requirement. The fact that a government official did not specifically notify him that failing to register would also violate SORNA does not require dismissal of the indictment in this case.

Congress granted the Attorney General authority to determine the retroactive applicability of SORNA for sex offenders convicted prior to its enactment. 42 U.S.C. § 16913(d). The nondelegation doctrine prohibits Congress from delegating its legislative power to another governmental branch. *Mistretta v. United States*, 488 U.S. 361, 372 (1989). The test for the constitutionality of Congress' delegation of authority is whether Congress established an intelligible principle to guide the exercise of power. *Id.* Only twice has the Supreme Court determined Congress violated the nondelegation doctrine. *See Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935); *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935). The Court determined the statutes at issue in those cases provided no guidance for the exercise of discretion due to imprecise and vague standards. *Whitman v. Am. Trucking Ass'ns.*, 531 U.S. 457, 473-476 (2001).

SORNA does not violate the nondelegation doctrine. Congress provided the Attorney General with an intelligible principle in 42 U.S.C. § 16913(d). In fact, Congress determined "what crimes require registration, 42 U.S.C. § 16911; where, when, and how an offender must register, *id.* at § 16913; what information

4

is required of registrants, *id.* at § 16914; and the elements and penalties for the federal crime of failure to register, 18 U.S.C. § 2250." *United States v. Guzman*, 591 F.3d 83, 93 (2nd Cir. 2010)[1]. The Attorney General determines whether SORNA applies to individuals retroactively and the logistics of defendants' compliance. Congress' narrow delegation to the Attorney General of this administrative aspect of SORNA does not violate the nondelegation doctrine. Nor is there any support for Parent's argument that § 16913(d) is contingent upon the notice requirements of § 16917(b). Parent's motion to dismiss must be denied.

Parent's motion for a bill of particulars appears to have been rendered moot by the Government's additional discovery disclosure of witness statements demonstrating Parent traveled in interstate commerce after August 1, 2008. (Doc. 19 at 2.) Parent has not replied to the Government's response that there is no further need for a bill of particulars. The motion will be denied. Accordingly,

IT IS ORDERED that Defendant's Motion for a Bill of Particulars (doc. 14) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss

---

[1] Although the Ninth Circuit has not yet ruled on the nondelegation issue, all Appellate Circuits to decide it have found SORNA does not violate the nondelegation doctrine. *See United States v. Burns*, 418 Fed.Appx. 209, 211-12 (4th Cir. 2011);*United States v. Whaley*, 577 F.3d 254, 263-64 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1213-14 (11th Cir. 2009); *United States v. Cotton*, 760 F.Supp.2d 116, 134-135 (D.C. Cir. 2011).

Indictment (doc. 16) is DENIED.

DATED this 3rd day of January, 2013.

_____
Dana L. Christensen, District Judge
United States District Court