IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 12–16–H–DWM |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| SCOTT ARTHUR PARENT, | |
| Defendant. | |

On January 14, 2013, Defendant Scott Arthur Parent pled guilty in this matter to failing to register as a sexual offender, a violation of 18 U.S.C. § 2250. He now faces sentencing. With significant *prima facie* evidentiary support from the purported victim, (*see* Doc. 40-1 at 2-5), Mr. Parent alleges he did not commit the crime of attempted rape in Multnomah County, Oregon, in 1996. That is the conviction—incurred on a no-contest plea—that gives rise to his duty to register under the federal Sexual Offender Registration and Notification Act (SORNA).

Sentencing has been continued since May 8, 2013, as the parties and the Court agree that Parent's situation poses a serious question of justice.

On July 15, 2013, Parent moved the Court to certify a question to the Oregon Supreme Court. He seeks to ascertain whether the courts of the State of

Oregon will hear a claim for relief against a conviction on the grounds of actual innocence. The United States does not oppose certification.

Oregon law authorizes certification of questions by federal courts to the Oregon Supreme Court if "questions of law . . . may be determinative of the cause then pending in the certifying court." Or. Rev. Stat. § 28.200. The Oregon Supreme Court will accept certification only if, among other things, its decision "ha[s] the potential to determine at least one claim in the case." *W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627, 630 (Or. 1991).

Whether Mr. Parent was in fact innocent of attempted rape in 1996 and whether he will be found to meet requirements for relief under state law could be claims determinative of this federal criminal case. Parent does not propose to ask the Oregon Supreme Court those questions, and they are not questions of law. Whether Oregon courts recognize a claim for actual innocence *is* a question of law, but the answer to that question will not determine any "claim" in the federal criminal case, which is the only matter "pending" in this Court.

Essentially, Parent wants certification so this Court can decide whether, and possibly for how long, it will continue federal sentencing. He says:

> If there is a remedy in the Oregon state courts Mr. Parent should be
> directed there and his federal sentencing in this case should proceed.
> However if there is no remedy in the Oregon court . . . Mr. Parent's

§ 2254 petition would be ripe for adjudication in federal court either here in Montana or in Oregon.

(Doc. 60 at 5).

The unspoken premise here is that, if the Oregon court says "no" and Parent files a § 2254 petition, federal sentencing will not proceed until the final determination of the § 2254 petition. It is possible to expedite a § 2254 petition, but Mr. Parent has not filed one. There is another issue: is the Oregon rape conviction relevant to Parent's Montana conviction for burglary or to any other state conviction on which Mr. Parent is currently "in custody pursuant to the judgment of a *state* court"? *See Dubrin v. California*, 720 F.3d 1095, 1098 (9th Cir. 2013).[1] If not, § 2254 may not provide a jurisdictional "hook" to any federal court, here or in Oregon. Or it may be that resolution of the jurisdictional question will depend on facts that will have to be proved up at an evidentiary hearing. *See id.* at 1100. If the threshold issue is resolved against Parent, he is reasonably likely to pursue an appeal. Even if the issue is resolved in Parent's favor, there is a more pressing issue: is actual innocence a valid ground for relief under § 2254? Does the fact that the affidavit supporting his claim of innocence was executed eleven years ago, in 2002, undermine his right to relief, *see McQuiggin v. Perkins*,

---

[1] The parties were asked to address this decision in their future submissions. (*See D*oc. 58 at 1.) Mr. Parent did not address it in his motion or brief seeking certification.

\_\_\_ U.S. \_\_\_, 133 S. Ct. 1924, 1928 (2013), should it be held to exist, *see Herrera v. Collins*, 506 U.S. 390, 417 (1993)?

It would likely save time to obtain a ruling from the Oregon Supreme Court on whether Parent may proceed at all in state court; if he cannot, he may choose to file a federal habeas petition now without filing in state court first. But certification is not available under Oregon law for the reasoning put forth here by Parent and his counsel.

Certification is not appropriate, any § 2254 case filed here would be resolved quickly.

IT IS HEREBY ORDERED that Parent's motion to certify a question to the Oregon Supreme Court, (Doc. 59), is DENIED.

DATED this 28th day of October, 2013.

```
_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
```